FILED ___ ENTERED
___ LODGED ___ RECEIVED

JUN 06 2025

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY_____ DEPUTY

The Honorable Kymberly K. Evanson

# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> DAMIAN PINA-RAYMUNDO, <br> Defendant. | NO. CR24-079 KKE <br><br> **PLEA AGREEMENT** |

The United States, through Acting United States Attorney Teal Luthy Miller and Assistant United States Attorneys Casey S. Conzatti and Elyne M. Vaught of the Western District of Washington and Damian Pina-Raymundo and Pina-Raymundo's attorneys Yan E. Shrayberman and Mario DiSalvo enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).

1. **The Charge.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to the following charge contained in the Indictment.

Plea Agreement - 1
United States v. Damian Pina-Raymundo, CR24-079 KKE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

a. Conspiracy to Distribute Controlled Substances, a lesser included offense of Count 1 of the indictment, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and 846.

By entering a plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2. **Elements of the Offense.** The elements of the offense to which Defendant is pleading guilty are as follows:

   a. The elements of Conspiracy to Distribute Controlled Substances, a lesser included offense of Count 1 of the indictment, are as follows:

   i. Beginning at a time unknown, but within the past five years, and continuing until on or about May 8, 2024, there was an agreement between two or more persons to distribute controlled substances including cocaine, methamphetamine, and fentanyl;

   ii. The Defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

3. **The Penalties.** Defendant understands that the statutory penalties applicable to the offense to which Defendant is pleading guilty are as follows:

   a. For the offense of Conspiracy to Distribute Controlled Substances, a lesser included offense of Count 1 of the indictment: A maximum term of imprisonment of up to 40 years and a mandatory minimum term of imprisonment of five years, a fine of up to $5,000,000, a period of supervision following release from prison of at least four years, and a mandatory special assessment of one hundred dollars.

**Drug Offense - Proof of Drug Quantity for Mandatory Minimum.** Defendant further understands that, in order to invoke the statutory sentence for the drug offenses

Plea Agreement - 2
*United States v. Damian Pina-Raymundo*, CR24-079 KKE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1. charged in the lesser included offense as charged in Count 1 the United States must prove
2. that Defendant's conduct as a member of the narcotics conspiracy charged in the lesser
3. included offense as charged in Count 1 which includes the reasonably foreseeable
4. conduct of other members of the narcotics conspiracy charged in the lesser included
5. offense as charged in Count 1, involved 40 grams or more of a mixture or substance
6. containing a detectable amount of fentanyl, 500 grams or more of a mixture or substance
7. containing a detectable amount of cocaine, or 50 grams or more of a mixture or substance
8. containing a detectable amount of methamphetamine. Defendant expressly waives the
9. right to require the United States to make this proof at trial and stipulates as a part of this
10. plea of guilty that Defendant's conduct as a member of the narcotics conspiracy charged
11. in the lesser included offense as charged in Count 1, which includes the reasonably
12. foreseeable conduct of other members of the narcotics conspiracy charged in the lesser
13. included offense as charged in Count 1, involved 40 grams or more of a mixture or
14. substance containing a detectable amount of fentanyl, 500 grams or more of a mixture or
15. substance containing a detectable amount of cocaine, or 50 grams or more of a mixture or
16. substance containing a detectable amount of methamphetamine.

17.      Defendant understands that supervised release is a period of time following
18. imprisonment during which Defendant will be subject to certain restrictive conditions and
19. requirements. Defendant further understands that, if supervised release is imposed and
20. Defendant violates one or more of the conditions or requirements, Defendant could be
21. returned to prison for all or part of the term of supervised release that was originally
22. imposed. This could result in Defendant serving a total term of imprisonment greater than
23. the statutory maximum stated above.

24.      Defendant understands that as a part of any sentence, in addition to any term of
25. imprisonment and/or fine that is imposed, the Court may order Defendant to pay
26. restitution to any victim of the offense, as required by law.
27.

Plea Agreement - 3
*United States v. Damian Pina-Raymundo*, CR24-079 KKE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  Defendant further understands that the consequences of pleading guilty may
2 include the forfeiture of certain property, either as a part of the sentence imposed by the
3 Court, or as a result of civil judicial or administrative process.
4  Defendant agrees that any monetary penalty the Court imposes, including the
5 special assessment, fine, costs, or restitution, is due and payable immediately and further
6 agrees to submit a completed Financial Disclosure Statement as requested by the United
7 States Attorney's Office.
8  Defendant understands that, if pleading guilty to a felony drug offense, Defendant
9 will become ineligible for certain food stamp and Social Security benefits as directed by
10 Title 21, United States Code, Section 862a.
11  4. **Immigration Consequences.** Defendant recognizes that pleading guilty
12 may have consequences with respect to Defendant's immigration status if Defendant is
13 not a citizen of the United States. Under federal law, a broad range of crimes are grounds
14 for removal, and some offenses make removal from the United States presumptively
15 mandatory. Removal and other immigration consequences are the subject of a separate
16 proceeding, and Defendant understands that no one, including Defendant's attorney and
17 the Court, can predict with certainty the effect of a guilty plea on immigration status.
18 Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any
19 immigration consequences that Defendant's guilty plea may entail, even if the
20 consequence is Defendant's mandatory removal from the United States.
21  5. **Rights Waived by Pleading Guilty.** Defendant understands that by
22 pleading guilty, Defendant knowingly and voluntarily waives the following rights:
23  a. The right to plead not guilty and to persist in a plea of not guilty;
24
25  b. The right to a speedy and public trial before a jury of Defendant's
26 peers;
27  c. The right to the effective assistance of counsel at trial, including, if

Plea Agreement - 4
United States v. Damian Pina-Raymundo, CR24-079 KKE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 Defendant could not afford an attorney, the right to have the Court appoint one for
2 Defendant;

      d.      The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

      e.      The right to confront and cross-examine witnesses against Defendant at trial;

      f.      The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

      g.      The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

      h.      The right to appeal a finding of guilt or any pretrial rulings.

6. **United States Sentencing Guidelines.** Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense(s); (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offense(s), to promote respect for the law, and to provide just punishment for the offense(s); (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

Plea Agreement - 5
*United States v. Damian Pina-Raymundo*, CR24-079 KKE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1          a.      The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

         b.      After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

         c.      The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

         d.      Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

7.      **Ultimate Sentence.** Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

8.      **Statement of Facts.** Defendant admits Defendant is guilty of the charged offense(s). The parties agree on the following facts:

         a.      Beginning at a time unknown, and continuing until at least May 8, 2024, the defendant, Damian Pina-Raymundo, conspired with others known and unknown to distribute controlled substances, including fentanyl and cocaine, within the Western District of Washington.

         b.      The conspiracy is established by court-authorized interception of wire and electronic communications; surveillance; seizures of drugs and cash; search warrants; undercover purchases; and other evidence, only some of which is outlined below.

         c.      On November 14, 2023, agents intercepted the following communications between Damian Pina-Raymundo and co-defendant Hector Duran Aldaco over Snapchat:

- Pina-Raymundo: You have any waters [methamphetamine]?
- Duran Aldaco: Tomorrow pri
- Pina-Raymundo: Cousin, lets work for reals.

Plea Agreement - 6
*United States v. Damian Pina-Raymundo*, CR24-079 KKE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1        d.       On November 16, 2023, Pina-Raymundo messaged Duran Aldaco "U got me with a o [ounce]" Duran Aldaco responded with "Yessir way."

         e.       On November 27, 2023, agents intercepted a phone call between Duran Aldaco and Pina-Raymundo. During the call, Pina-Raymundo asked Duran Aldaco if he had "water" [methamphetamine]. Duran Aldaco said that he was out. Pina-Raymundo asked if he had "rueditas" [fentanyl pills] and when Duran Aldaco confirmed he had them, Pina-Raymundo asked how much for 10 [10,000 pills]. Duran Aldaco informs Pina-Raymundo that he was trying to get 60 [$0.60 per pill], Pina-Raymundo asked if Duran Aldaco would do 58 [$0.58 per pill], and when Duran Aldaco confirmed he would, Pina-Raymundo tells Duran Aldaco that he would buy more later at 60 [$0.60 per pill]. Following this initial conversation are two additional conversations where Duran Aldaco and Pina-Raymundo arranged to meet up.

         f.       Later that same day, agents intercepted another phone call between Pina-Raymundo and Duran Aldaco where Duran Aldaco asked Pina-Raymundo where he was, and Pina-Raymundo responded that he was "just done" and was in Tacoma. Duran Aldaco asked Pina-Raymundo if he could meet him at the Auburn Mall in front of the McDonalds. About 30 minutes later, Duran Aldaco called Pina-Raymundo to ask where he was. Pina-Raymundo responded that he was about 10-13 minutes out because the person who wanted the "boat" [1,000 fentanyl pills] flaked on him so he took it to another guy who "cashed him out." Eventually, Duran Aldaco and Pina-Raymundo met at the McDonalds near the Auburn Mall where Pina-Raymundo paid Duran Aldaco for the fentanyl pills he just purchased.

         g.       On December 3, 2023, Duran Aldaco and Pina-Raymundo had the following conversation regarding 56,000 fentanyl pills that he provided Duran Aldaco:

- Duran Aldaco: When can I get those pri?
- Duran Aldaco: I really need them.

Plea Agreement - 7
*United States v. Damian Pina-Raymundo*, CR24-079 KKE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  - Pina-Raymundo: Today I got 56 [56,000 fentanyl pills] I haven't picked up the
2  rest my boy calling me though. You want to pick up these 56 for now in the
3  morning I'll make sure I pass for the rest off this foo
4  - Duran Aldaco: Ok primo that's cool
5  - Dural Aldaco: Way
6  - Pina-Raymundo: The crib
7  - Duran Aldaco: Ok pri I'll be there in 20
8  - Pina-Raymundo: Okk

  g. On February 28, 2024, agents intercepted calls between Pina-Raymundo and Duran Aldaco discussing a "full one" [a kilo]. Duran Aldaco says that he could get it for Pina-Raymundo, who says that he would send his brother to "scoop it up" [pick it up]. These intercepts actually started on Snapchat and then switched to the phone. Pina-Raymundo says that he needed a "full bird" [a kilo of cocaine] and Duran Aldaco tells Pina-Raymundo to "call him [Duran Aldaco]". Pina Raymundo then followed up with Duran Aldaco telling him that he needed one for 13,500 [$13,500], and Duran Aldaco told Pina-Raymundo that the lowest Duran Aldaco could do was "15 atm" [$15,000 at the most] and assured Pina-Raymundo that if he could do lower he would, but he couldn't.

  h. On March 1, 2024, the following conversation occurred between Pina-Raymundo and Duran Aldaco:

- Pina-Raymundo: I need 3 o [ounces] pri
- Duran Aldaco: U got a scale
- Duran Aldaco: I got some with me rn
- Pina-Raymundo: Can u meet auburn
- Pina-Raymundo: How far?
- Pina-Raymundo: ?
- Duran Aldaco: Do you got the cash for them pri

Plea Agreement - 8
*United States v. Damian Pina-Raymundo*, CR24-079 KKE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

On the same day, Duran Aldaco and Pina-Raymundo had a phone conversation, where Duran Aldaco asked Pina-Raymundo what he had. Pina-Raymundo asked if Duran Aldaco meant "toys" [firearms] and Duran Aldaco confirmed. Pina-Raymundo said that he had "little handguns, pistols." Duran Aldaco asked if Pina-Raymundo could send "it" to him over WhatsApp. Pina-Raymundo confirmed and told Duran Aldaco that he would give Duran Aldaco one of the two. Towards the end of the call Pina-Raymundo told Duran Aldaco that he had two right now but could get more later.

Pina-Raymundo knowingly conspired and agreed with his co-conspirators, both known and unknown, to distribute cocaine and fentanyl pills to others for profit.

i. On May 14, 2024, investigators executed search warrants at a number of locations associated with members of the DTO, including Damian Pina-Raymundo's residence located at 18225 Southeast 416th Street, Enumclaw, Washington 98022 (hereinafter "Enumclaw Residence"). During the search of the Enumclaw Residence, agents recovered one Ruger Single Six revolver, one Kimber Raptor II pistol, one PMF AR 15 rifle, nineteen magazines, 135 rounds of ammunition, and one rifle lower, all of which Pina-Raymundo agrees facilitated his participation in the charged drug trafficking conspiracy. Agents also recovered $1,210 in cash from Pina-Raymundo's wallet, which Pina-Raymundo admits was proceeds of the charged drug trafficking conspiracy. Approximately 500 grams of methamphetamine was also recovered from Pina-Raymundo's residence.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

9. **Sentencing Factors.** The parties agree that the following Sentencing Guidelines provisions apply to this case:

Plea Agreement - 9
*United States v. Damian Pina-Raymundo*, CR24-079 KKE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

      a.     A base offense level of 34 as the relevant conduct involved 10,000 kilograms or more of converted drug weight, pursuant to USSG § 2D1.1(c)(3); and

      b.     A two-point increase as a dangerous weapon (including a firearm) was possessed, pursuant to USSG § 2D1.1(b)(1).

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

10. **Acceptance of Responsibility.** At sentencing, if the Court concludes Defendant qualifies for a downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

11. **Recommendation Regarding Imprisonment.** Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the United States agrees to recommend that the appropriate term of imprisonment to be imposed by the Court at the time of sentencing is a term that is no more than the low-end of the guidelines range as calculated by the Court. Defendant is free to make any recommendation permitted by law. Defendant understands that this recommendation is not binding on the Court and the Court may reject the recommendation of the parties and may impose any term of imprisonment up to the statutory maximum penalty authorized by law. Defendant further understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the

Plea Agreement - 10
*United States v. Damian Pina-Raymundo*, CR24-079 KKE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Court. Except as otherwise provided in this Plea Agreement, the parties are free to present arguments regarding any other aspect of sentencing.

12. **Forfeiture of Assets.** Defendant understands that the forfeiture of assets is part of the sentence that must be imposed in this case. Defendant agrees to forfeit to the United States immediately Defendant's right, title, and interest in any and all property, real or personal, that constituting, or derived from, proceeds that Defendant obtained, directly or indirectly, from his commission of Conspiracy to Distribute Controlled Substances (the lesser included offense of that charged in Count 1 of the Indictment), as well as any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, this offense. All such property is subject to forfeiture pursuant to Title 21, United States Code, Section 853, and includes, but is not limited to, the following property:

   a. $1,210 in U.S. currency, seized on or about May 14, 2024, from the wallet of Defendant Damian Pina-Raymundo;
   b. The following firearms, associated ammunition, and accessories, seized on or about May 14, 2024, from the residence of Defendant Damien Pina-Raymundo, located at 18225 Southeast 416th Street, Enumclaw, Washington:
      1. One Ruger Single Six Revolver, bearing serial number 263-63875;
      2. One Kimber Raptor II Pistol, bearing serial number K399303;
      3. One PMF AR 15 Rifle;
      4. One hundred thirty-five rounds of ammunition;
      5. Nineteen magazines; and
      6. One rifle lower.

Defendant agrees to fully assist the United States in the forfeiture of the above-described property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to: surrendering title and executing any

Plea Agreement - 11
*United States v. Damian Pina-Raymundo*, CR24-079 KKE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

documents necessary to effectuate such forfeiture; assisting in bringing any assets located outside the United States within the jurisdiction of the United States; and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture. Defendant agrees not to file a claim to any of the above-described property in any federal forfeiture proceeding, administrative or judicial, which may be or has been initiated, and agrees not to assist anyone else in making a claim to this property.

The United States reserves its right to proceed against any remaining property not identified in this Plea Agreement, including any property in which Defendant has any interest, if that property facilitated and/or constitutes proceeds of his commission of the offense of Conspiracy to Distribute a Controlled Substance (lesser-included offense charged of that charged in Count 1).

13. **Abandonment of Contraband.** Defendant also agrees that, if any federal law enforcement agency seized any illegal contraband, or any other firearms, ammunition, and magazines, that were in Defendant's direct or indirect control, Defendant consents to the federal administrative disposition, official use, and/or destruction of same.

14. **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States Attorney's Office for the Western District of Washington has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the

Plea Agreement - 12
*United States v. Damian Pina-Raymundo*, CR24-079 KKE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

15. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if Defendant breaches this Plea Agreement: (a) the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence; (b) Defendant will not oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement; and/or (c) Defendant waives any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Plea Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant and/or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

Plea Agreement - 13
*United States v. Damian Pina-Raymundo*, CR24-079 KKE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

16. **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty plea required by this Plea Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction. Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable). This includes any procedural challenges to the sentence, including any claim that the procedure employed at sentencing violated Defendant's constitutional rights.

Defendant also agrees that, by entering the guilty plea required by this Plea Agreement, Defendant waives any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation or a claim of prosecutorial misconduct based on facts unknown or not reasonably discoverable prior to entry of the judgment of conviction.

Defendant acknowledges that certain claims, including certain claims for prosecutorial misconduct, will be barred by operation of law by virtue of their guilty plea, independently from this Plea Agreement. This waiver does not preclude Defendant from bringing an appropriate motion to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to claims not subject to the waiver, above) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those

Plea Agreement - 14
*United States v. Damian Pina-Raymundo*, CR24-079 KKE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 | with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

17. **Voluntariness of Plea.** Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

18. **Statute of Limitations.** In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, or Defendant withdraws from this Plea Agreement after it has been accepted by the Court, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office; or (3) thirty days following the grant of a motion to withdraw from the Plea Agreement.

//
//
//

Plea Agreement - 15
*United States v. Damian Pina-Raymundo*, CR24-079 KKE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  19.  **Completeness of Plea Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Plea Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 6th day of June, 2025.

_____
DAMIAN PINA-RAYMUNDO
Defendant

_____
YAN E. SHRAYBERMAN
MARIO DISALVO
Attorney for Defendant

_____
VINCENT T. LOMBARDI
Assistant United States Attorney

_____
CASEY S. CONZATTI
ELYNE M. VAUGHT
Assistant United States Attorneys

Plea Agreement - 16
*United States v. Damian Pina-Raymundo*, CR24-079 KKE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970